O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUEVARA SR., | ) NO. CV 10-4134-ABC (MAN) |
| Petitioner, | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE; |
| LARRY SMALLS, | ) AND DENYING CERTIFICATE OF |
| | ) APPEALABILITY |
| Respondent. | ) |

On May 26, 2010, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Southern District of California ("Petition"). The Petition thereafter was transferred to this District and filed on June 3, 2010. The Petition is the second Section 2254 habeas petition Petitioner has filed stemming from his 1998 state conviction, based on a violation of California Penal Code § 459, and his related Three Strikes sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

**BACKGROUND**

On July 15, 2002, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 02-5561-ABC (MAN) (the "First Action"). The First Action challenged Petitioner's 1998 conviction and sentence imposed in the Los Angeles Superior Court and raised four habeas claims, *to wit*: (1) the prosecutor committed misconduct during closing argument by expressing her personal belief in Petitioner's guilt; (2) defense counsel provided ineffective assistance, because she failed to request a curative instruction regarding the prosecutor's comment; (3) the trial court abused its discretion by failing to strike Petitioner's prior convictions; and (4) there was insufficient evidence that Petitioner's prior convictions constituted "strikes" and "serious felonies" under the Three Strikes law and the enhancement statutes. (First Action petition at 5-6.)[1]

On May 17, 2004, Judgment was entered denying the First Action petition on its merits and dismissing the First Action with prejudice. Petitioner did not appeal.

In this action, Petitioner again seeks Section 2254 habeas relief

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in the First Action.

based on this same 1998 state conviction and sentence. The instant Petition alleges a single habeas claim, in which Petitioner again argues that the trial court committed sentencing error in connection with its findings regarding Petitioner's prior "strike" convictions and the related sentence imposed.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition (described below), state habeas petitioners seeking relief in this district must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of a second or successive [petition] only if it presents a claim not previously raised that satisfies one of the grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

1    In the First Action, Petitioner sought Section 2254 relief based on
2 the same 1998 state court conviction and sentence challenged in this
3 action, and he raised four claims that were resolved adversely to him on
4 their respective merits.  Accordingly, the instant Petition, which
5 challenges the same 1998 conviction and sentence, is second or
6 successive within the meaning of Section 2244(b).

8    Critically, Petitioner has not obtained permission from the Ninth
9 Circuit to bring this second or successive Petition, as required by
10 Section 2244(b)(3).[2]  Permission to file a second or successive petition
11 may be granted only if Petitioner makes a *prima facie* showing that:  (1)
12 the claim relies on a new, and previously unavailable, rule of
13 constitutional law, which the Supreme Court has ordered be made
14 retroactive to collateral proceedings; or (2) the factual predicate of
15 the claim could not have been discovered earlier through the exercise of
16 due diligence, <u>and</u> the facts alleged, if proven, would be sufficient to
17 establish by clear and convincing evidence that, but for the
18 constitutional error claimed, no reasonable fact-finder would have found
19 Petitioner guilty.  *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); McNabb,
20 576 F.3d at 1030.  To pursue a Section 2254 habeas action attacking his
21 1999 conviction and/or sentence, Petitioner must persuade the Ninth
22 Circuit that one or both of these predicates exists for any claim he now
23 wishes to raise.  Based on the nature of the claim alleged in the
24 Petition -- which appears to be repetitive, to some extent, of two of
25 the claims alleged in the First Action and resolved adversely to him and

---

[2]    Pursuant to Rule 201, the Court also takes judicial notice of the electronic dockets for the Ninth Circuit available through the PACER system.  Those electronic dockets show that Petitioner has **not** filed any Section 2244(b) application in the Ninth Circuit.

to be based on facts that would have been known to Petitioner as of the time of sentencing -- it is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements.[3]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

///
///
///

---

[3] The Court notes that Petitioner's conviction became final in mid-2000. Assuming, *arguendo*, that Petitioner would receive statutory tolling for the state habeas petitions he filed that were pending in 2001-02, before he filed the First Action, Petitioner's limitations period expired at the latest sometime in 2002. Thus, the instant Petition appears to be substantially untimely under 28 U.S.C. § 2244(d)(1), in addition to being second or successive.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner.

DATED: June 8, 2010

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE